## THE STATE v. JOHN ROSS, Appellant.

Division Two, December 31, 1924.

1. **ARSON: Information: Building Adjoining Dwelling House: Allegation and Proof: Variance.** The statute (Sec. 3284, R. S. 1919) describes the crime as setting fire to a building "adjoining to or within the curtilage of an inhabited dwelling house." The information charged that the store to which the fire was set was adjoining the inhabited dwelling house, and the proof showed that the store and dwelling were within the same enclosure, but the store forty feet away from the dwelling. *Held*, that the store was within the curtilage, but there was a variance between the information and proof, but the information can be amended to harmonize with the proof.

2. ———: **Evidence: Use of Whiskey as Persuasion.** Evidence that defendant, while negotiating with two boys to set fire to a building and which they testified they were employed by him to burn, plied them with whiskey as a re-enforcement of his persuasion, is competent for the purpose of showing how and in what manner he induced them to commit the crime.

3. ———: ———: ———: **After Crime was Committed: To Prove Another Crime.** Questions by which two boys, employed by defendant to burn a store, are asked to state where defendant kept the whiskey hidden in a jug given to them after the crime was committed and to describe the kind of house defendant lived in and

his manner of life, asked for the evident purpose of showing that defendant was engaged in the bootlegging business, were error. All evidence respecting defendant's possession of whiskey and tending to show he was engaged in the bootlegging business after the fire took place is incompetent in his trial for arson.

4. **WITNESS: Arrest as Impeachment.** The conviction of a witness of a criminal offense may be shown for the purpose of affecting the credibility of his testimony, but it is improper to show on cross-examination of a witness that he has been arrested on a criminal charge. It was improper to ask a witness for defendant, on trial for arson, on cross-examination, if he had not been arrested for bootlegging.

5. ———: **Impeachment of Defendant: Reputation for Morality.** The defendant, having testified as a witness in his own behalf, although he does not otherwise put his reputation in issue, may be impeached in the same way that any other witness may be. If he testifies in his own behalf the State may prove that his reputation for truth and veracity is bad, and may also show that his general reputation for morality is bad, as affecting his credibility as a witness. But the State cannot attack his character as a defendant; that is, it cannot show that his reputation is bad in the particular respect which would show his guilt or innocence of the crime charged.

6. **ARSON: Ownership of Building: Assumed in Instruction.** The ownership of the building burned is wholly immaterial in the prosecution of a defendant for the crime of arson, and need not be either alleged or proved, and therefore an instruction which assumes that the building to which the fire is claimed to have been set belonged to a certain person is not error.

7. ———: **Instruction: Adjoining Dwelling House.** An instruction in the trial of defendant under a charge of arson which authorizes a verdict of guilty if the jury find that the storehouse, to which the fire was alleged to have been set, was adjoining a dwelling house, is erroneous, where the uncontradicted evidence is that it was forty feet from the dwelling.

8. ———: ———: **Limiting Effect of Evidence Relating to Reputation: Comment.** An instruction telling the jury that the testimony offered for the purpose of showing defendant's reputation for morality should be considered only for the purpose of affecting his credibility as a witness and for no other purpose correctly states the law, and, if error, it is an error in defendant's favor. But it is not error, nor is it an improper comment on the evidence, since it is

State v. Ross.

always proper for the court to instruct the jury as to the effect of evidence and the purpose for which it has been received.

Citations to Headnotes: 1, Arson, 5 C. J. par. 50; 2 and 3, Criminal Law, 16 C. J. par. 1145; 4 and 5, Witnesses: 4, 40 Cyc. 2621, 2622; 5, 40 Cyc. 2595; 6 to 8, Criminal Law: 6, 16 C. J. par. 2328; 7, 16 C. J. par. 2485; 8, 16 C. J. pars. 2156, 2311 (1926 Anno).

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Mayes & Gossom* and *Ward, Reeves & Oliver* for appellant.

(1) The information is insufficient. To constitute arson in the second degree the information must charge definitely and certainly (a) whether the person wilfully set fire to or did burn a shop and (b) such shop, must be charged as adjoining to or within the curtilage of an inhabited dwelling house. Sec. 3284, R. S. 1919. And the indictment or information must inform the defendant of the nature and cause of the accusation. Sec. 2, Art. 2, Mo. Constitution; State v. Murphy, 141 Mo. 267; State v. Murphy, 164 Mo. App. 204. (2) The court erred in the admissibility of testimony. (a) The plaintiff was permitted to show that before the alleged commission of the crime in question defendant had the "mule;" that he had a quart bottle, and that certain parties drank out of it. These questions were asked for the sole purpose of prejudicing the jury against the defendant on the liquor question and it was prejudicial error to permit this proof. (b) Plaintiff was permitted to show the size of defendant's home; that it was a little frame house, and how high off of the ground it was, how many rooms it had, how small they were, and how much land defendant had in cultivation; that there was a little small patch around the house. This was asked for the purpose of trying to hold out to the jury that defendant lived in a little old shack upon the river and

did not have any crop, but was engaged in illicit liquor business. (c) Evidence that a witness has been arrested does not tend to affect his credibility. State v. Tracy, 284 Mo. 619; Cribb v. Forester, 191 Mo. App. 524; State v. Howell, 102 Mo. 142; State v. Wigger, 196 Mo. 90; State v. Hildebrand, 285 Mo. 290. (d) The State produced several witnesses and asked them if they were acquainted with the general reputation of the defendant for morality. There was no limit as to what was meant by morality, and the voluntary statements made by two or three witnesses showed that it was confined to the liquor business. Morality was not defined to the witnesses, and the nature of the proof offered was not restricted to the traits of character involved. ''The rule that one may prove the moral reputation of a witness to affect his credibility has a well-defined limitation, in that the nature of the proof offered should be restricted to the traits of character involved, or which may affect the offense charged.'' State v. Archie, 256 S. W. 807; State v. Beckner, 194 Mo. 292; 3 L. R. A. (N. S.) 535; State v. Barker, 248 S. W. 88. (3) Conduct of counsel for the State in asking questions seeking to elicit improper and prejudicial evidence, even though excluded by the court, is sufficient to reverse a case where it is clear that the questions are asked for the purpose of getting before the jury by indirect methods what was incompetent. State v. Webb, 254 Mo. 434; Levels v. Railroad Co., 196 Mo. 623; Wojtylak v. Coal Co., 188 Mo. 286; State v. Jackson, 95 Mo. 652; Epland v. Railroad Co., 57 Mo. App. 162; Beck v. Railroad, 129 Mo. App. 7; Gore v. Brockman, 138 Mo. App. 235; Trent v. Printing Co., 141 Mo. App. 437; Moore v. Doerr, 199 Mo. App. 428. (4) Instruction 4 is erroneous in that it is a comment on the evidence and calls the attention of the jury to and makes prominent the testimony concerning the morality of the defendant, as has been by this court recently held erroneous. State v. Carr, 256 S. W. 1036; State v. Finklestein, 269 Mo. 605.

*Jesse W. Barrett,* Attorney-General, and *Wm. L. Vandeventer,* Special Assistant Attorney-General, for respondent.

(1) The information is sufficient. (a) An allegation that one "set afire to and burned" a building is the correct way to charge the crime. State v. Jones, 106 Mo. 311. (b) Ownership of the building is immaterial and need not be alleged in the information. The gist of the offense is the protection of human life. State v. Meyer, 259 Mo. 306; State v. Young, 153 Mo. 445; State v. Bersch, 276 Mo. 412; State v. Ritter, 288 Mo. 377. An unnecessary allegation need not be proved. State v. Henson, 234 S. W. 832. (2) An allegation in the information that the building was "adjoining" and testimony showing it was "within the curtilage" only is fatal. State v. Downs, 59 N. H. 320; Peverelly v. People, 3 Parker Crim. (N. Y.) 68. "Adjoining" means in actual contact, touching. Baxter v. Realty Co., 112 N. Y. Supp. 455; Walton v. Railway, 67 Mo. 58. (3) It is error to prove witness is "charged" with crime or to show he has been arrested. State v. Wigger, 196 Mo. 99; State v. Hildebrand, 285 Mo. 290. It was error to permit evidence that defendant's reputation for "morality" was bad. State v. Archie, 256 S. W. 808. (4) An instruction singling out particular testimony and commenting thereon is error. State v. Carr, 256 S. W. 1043. And aggravates if the testimony referred to was inadmissible. State v. Cox, 263 S. W. 215.

WHITE, J.—By information filed in the Circuit Court of Pemiscot County, John Ross, Lizzie Ross, his wife, Cotter Henderson, and Harry Henderson, were charged with arson in the second degree, under Section 3284, Revised Statutes 1919, in that they set fire to a barn and storehouse of one Hollis Beard, which store was adjoining a certain inhabited dwelling house of said Beard.

The case was subsequently dismissed as to the Hendersons, and went to trial against John Ross and Lizzie Ross. Lizzie Ross was acquitted; John Ross was found guilty, and his punishment fixed at three years imprisonment in the penitentiary. He appealed.

The evidence offered by the State tended to show that John Ross employed one Gabe Fry and one Henry Hopper to burn the store of Beard; that he furnished them with two sacks filled with grass, and gasoline with which to saturate the stuff, and instructed them how to set fire to the building. Fry and Hopper were quite young men with criminal records. They went to the store after dark, July 13, 1922, and saturated the sacks of grass with gasoline, threw them under the building and set fire to them. The fire was discovered and extinguished before any serious damage was done.

The case was made out for the State almost entirely by the evidence of Fry and Hopper, who testified to their employment by Ross; testified further that Mrs. Ross furnished the gasoline; and related previous conversations between them and Ross, and described how they proceeded to carry out his instructions. They said they were promised $300 by Ross to do the job, who also told them they might first rob the store. The next day Ross gave them six dollars in money and some canned goods to eat, and told them to stay away until the matter settled down. They were later captured at Hayti and confessed. At the time of the trial they were serving terms in the penitentiary, having plead guilty to the charge of arson.

I. The information charged that the building to which the fire was set was adjoining the inhabited dwelling of Hollis Beard. The evidence showed that it was within the same enclosure, but forty feet away. The Statute, Section 3284, Revised Statutes 1919, describing the crime as setting fire to a building "adjoining to or within the curtilage of an

Information.

inhabited dwelling house.'' The evidence showed that it was not adjoining the dwelling house, but within the curtilage—a variance between the allegations of the information and the proof. Since the case is to be re-tried the prosecutor may amend the information in that particular.

II. Evidence was offered and admitted by the State to show that while Ross was negotiating with Fry and Hopper, he plied them with whiskey as a re-enforce-ment to his persuasion. The defendant ob-jected to this evidence. We think the evi-dence was competent for the purpose of showing how and in what manner he induced the boys to commit the crime.

*Whiskey as Persuasion.*

The State then showed by Fry and Hopper that he afterwards gave them whiskey. They were asked to state where the defendant kept the whiskey hidden in a jug; they were also asked to describe the kind of house the defendant lived in, and his manner of life,—evidently for the purpose of showing that he was engaged in the bootlegging business. This occurred after the fire, and tended to prove the defendant was guilty of another crime than the one for which he was on trial, and with which the crime charged had no connection.

*After Crime Was Committed.*

All evidence respecting the defendant's possession of whiskey and tending to show the bootlegging business after the fire took place was therefore incompetent and erroneously received.

III. One Emerson Evans testified as a witness for the defense. The State's attorney, in cross-examination, asked him if he had not been arrested several times for bootlegging, and he stated over the objection of defend-ant that he had been arrested once. This evidence was entirely inadmissible, and error is confessed by the State in that respect. [State v. Snow, 252 S. W. l. c. 631; State v

*Arrest as Impeachment.*

Tracy, 284 Mo. l. c. 625]. Under Section 5439, Revised Statutes 1919, the *conviction* of a witness of a criminal offense may be shown for the purpose of affecting his credibility, but it is improper to show on cross-examination of a witness that he has been *arrested* on a criminal charge.

IV.   Witnesses were produced in evidence to swear that the defendant had a bad reputation for morality. Defendant did not put his reputation in issue, and assigns error to the admission of that evidence. A defendant may be impeached as any other witness may be.   Since the defendant testified in the case the State had the right to prove that his reputation for truth and veracity was bad, and also to show that his general reputation for morality was bad, as affecting his credibility.   The State, however, had no right to attack his character as a defendant; that is, it had no right to show that his reputation was bad in the particular respect which would affect his guilt or innocence of the crime charged. [State v. Edmundson, 218 S. W. l. c. 865;   State · v. Baird, 288 Mo. l. c. 67;   State v. Shuster, 263 Mo. l. c. 602;    State v. Higgs, 259 S. W. l. c. 458;   State v. Barker, 249 S. W. l. c. · 77].   The evidence should be limited to the simple question as to the defendant's reputation for morality.

*Impeachment of Defendant.*

V.   Complaint is made of an instruction which assumed that the building to which fire was claimed to have been set was the building of Hollis Beard.   Since the ownership of · the building is wholly immaterial there was no error in that particular; the ownership of the building need be neither alleged nor proved. [Sec. 3283, R. S. 1919].

*Instructions.*

Instruction One, however, is erroneous in authorizing a verdict of guilty if the jury found that the storehouse to which fire was set was adjoining an inhabited

dwelling house when there was no evidence upon which to base the instruction.

Complaint is made of instruction numbered 4, given on behalf of the State, which told the jury that the testimony offered for the purpose of showing the defendant's reputation for morality should be considered only for the purpose of affecting the defendant's credibility as a witness, and for no other purpose, and should not be considered as evidence of the defendant's guilt of the crime charged. The instruction correctly stated the law in relation to the matter; if it were error the defendant is in no position to complain, because such error, if any, was in his favor. It is not a comment upon the evidence; it is always proper for the court to instruct the jury as to the effect of evidence and the purpose for which it may be received. This is very different from directing the jury what weight to give the evidence. The case of State v. Carr, 256 S. W. 1043, is cited in support of the objection. Examination of that case will show that the three judges of the court concurred only in the result, and a majority of the court concurred in holding that the instruction was proper (l. c. 1048-9).

For the reasons mentioned the judgment is reversed and the cause remanded. *David E. Blair, P. J.*, concurs; *Walker, J.*, absent.